UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10276 CAS (Shx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | BERNIE MENDIBLES V. COMMUNITY RECYCLING, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants

Not present                                              Not present

**Proceedings:**       **(In Chambers:) DEFENDANTS' MOTION TO DISMISS COMPLAINT** (filed April 9, 2013) [Dkt. No. 8]

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of May 13, 2013, is vacated, and the matter is hereby taken under submission.

On December 5, 2012, plaintiff Bernie Mendibles, proceeding pro se, filed suit against defendants Community Recycling, Hector Ramirez, John Cammarano, and Does 1–10. Dkt. No. 3. Plaintiff alleges that he was never promoted and treated unfairly by defendant Community Recycling, plaintiff's former employer, and ultimately terminated after he informed defendant that he was going to become a whistle blower. Compl. ¶ 7. Plaintiff brings claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq., and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 et seq., as well as for a claim for "hostile work environment." Because plaintiff does not specify which defendants each claim is asserted against, the Court presumes that plaintiff intends to bring each claim against all defendants.

On April 9, 2013, defendants Ramirez and Cammarano filed a motion to dismiss the claims asserted against them as individuals. Dkt. No. 8. Plaintiff has yet to oppose the motion. See Local Rule 7-12 ("The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion."). Defendant Community Recycling filed an answer on April 9.

After considering defendants' arguments and plaintiff's complaint, the Court finds that defendants' motion should be granted. The Ninth Circuit has "long held that Title

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-10276 CAS (Shx) | Date | May 6, 2013 |
|---|---|---|---|
| Title | BERNIE MENDIBLES V. COMMUNITY RECYCLING, ET AL. | | |

VII does not provide a separate cause of action against supervisors or co-workers." Craig v. M & O Agencies, Inc., 496 F.3d 1047, 1058 (9th Cir. 2007). This rule also applies to claims brought under the ADEA. Miller v. Maxwell's Int'l Inc., 991 F.2d 583, 587-88 (9th Cir. 1993). Accordingly, plaintiff fails to state a claim against either of the individual defendants under either of these statutory schemes.

    The Court is unable to discern the legal basis for plaintiff's third claim for hostile work environment from the face of his complaint.[1] To the extent that this claim is premised upon Title VII as well, the Court dismisses this claim for the same reasons stated above.

    In accordance with the foregoing, the Court GRANTS the individual defendants' motion to dismiss WITHOUT PREJUDICE. Plaintiff shall have thirty (30) days to file an amended complaint addressing the deficiencies identified herein.

    IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |

---

[1] In support of this claim, plaintiff alleges that there was "[a] whole lot of cursing going on the radio[;] one person got his leg chopped off at the Sun Valley yard[;] 2 brothers lost their life at the Bakersfield yard." Compl. ¶ 10.